**CAROLINA BROWN, INC. and the Brown Pharmaceutical Company, Inc., Plaintiffs,**

**v.**

**Caspar W. WEINBERGER, Secretary of Health, Education, and Welfare, and Alexander M. Schmidt, M.D., Commissioner of Food and Drugs, Defendants.**

**Civ. A. No. 71–894.**

United States District Court,
D. South Carolina,
Greenville Division.

Sept. 26, 1973.

George F. Townes and Sol E. Abrams of Abrams, Bowen & Townes, Greenville, S. C., for plaintiffs.

John K. Grisso, U. S. Atty., D. of South Carolina, Columbia, S. C., and James D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for defendants.

### ORDER

HEMPHILL, District Judge.

 Defendants have moved to dismiss this action on the basis that the Food and Drug Administration has primary jurisdiction to determine whether a drug is a "new drug", as the Supreme Court held in Weinberger v. Bentex Pharmaceuticals, Inc., 412 U.S. 645, 93 S.Ct. 2488, 37 L.Ed.2d 235 (1973). Plaintiffs do not contest the fact that such primary jurisdiction lies with Food and Drug Administration, but assert that this court should retain jurisdiction in the event the Food and Drug Administration refuses to determine the issues.

If, under the Administrative Procedure Act, the Food and Drug Administration declines to issue a declaratory order, plaintiffs may at that time seek judicial recourse, but for this court to now assert jurisdiction would be premature.[1] Furthermore, the instant Complaint is an inappropriate vehicle to determine the issues of this case, for if plaintiffs were to seek judicial review of any Food and Drug Administration order, the Complaint would have to be withdrawn and a petition for review substituted. This court is of the opinion that it should, in the exercise of its discretion under the Declaratory Judgment Act, refuse to take jurisdiction and dismiss the action. Public Service Commission of Utah v. Wycoff, 344 U.S. 237, 241, 246, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Cf. Abbott Laboratories v. Gardner, 387 U.S. 136, 155, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1952).

Should the Food and Drug Administration fail to offer due process to plaintiffs, they may seek relief in this forum. The opinion of the Supreme Court of the United States did not close the door on that precious privilege. Before any enforcement proceedings are employed, it is evident that an "appropriate administrative declaration" be published.

Defendants' Motion to Dismiss is granted and the action in this court is dismissed without prejudice.

[1]. "Whether a particular drug is a 'new drug', depends in part on the expert knowledge and experience of scientists based on controlled clinical experimentation and backed by substantial support in scientific literature. One function is not peculiar to judicial expertise, the other to administrative expertise. The two types of cases overlap and strongly suggest that Congress desired that the administrative agency make both kinds of determinations. Even where no such administrative determination has been made and the issue arises in a district court in enforcement proceedings, it would be commonplace for the court to await an appropriate administrative declaration before it acted." [93 S.Ct. 2493, 37 L.Ed.2d 241].